UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO

---------------------------------------------------------
                                          :
CARLA MUTCHLER,                           :    CASE NO. 5:05-CV-883
                                          :
          Plaintiff,                      :
                                          :
vs.                                       :    OPINION & ORDER
                                          :    [Resolving Doc. No. 42]
DUNLAP MEMORIAL HOSPITAL et al.,          :
                                          :
          Defendants.                     :
                                          :
---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Dunlap Memorial Hospital et al. move the Court for the correction of a clerical error in the trial court record pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. [Doc. 42.] Plaintiff Carla Mutchler ("Mutchler") opposes this motion. [Doc. 43.] For the reasons presented below, the Court **GRANTS** Defendants' motion.

I.  Background

On January 16, 2006, the Court granted Defendants' motion for summary judgment based, *inter alia*, on facts and argument in Defendants' supporting memorandum and attached exhibits. [Docs. 29, 37.] As part of its decision to grant Defendants' motion, the Court also considered Plaintiff's response to that motion, Defendants' reply to Plaintiff's response, and the parties' numerous exhibits, depositions, and affidavits in support of their pleadings. [Docs. 32, 33.] Defendants cited to information contained in the deposition of Plaintiff Mutchler to establish the merits of their summary judgment motion. *See*, *e.g*., Doc. 29-2 at 2-4, 11-12. Despite Defendants' reliance on the deposition, the document is not a part of the trial record. [Doc. 42.] In support of

-1-

Case No. 5:05-CV-883
Gwin, J.

their current motion to correct a clerical mistake in the record, Defendants' attorney, Karen Soehnlen McQueen, submits a sworn affidavit that it was her belief that the original summary judgment motion included a copy of Mutchler's deposition. [Doc. 42-3 at ¶ 2.] The Sixth Circuit granted Defendants leave to file this motion. [Doc. 41.]

## II. Legal Standard

Rule 60(a) provides, in relevant part, that "clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ." FED. R. CIV. P. 60(a). The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission, including inadvertent omissions from the record. 11 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2854, at 246-47.

The rule applies only to clerical errors and does not authorize the court to revisit its legal analysis or otherwise correct an "error[] of substantive judgment." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990). The Sixth Circuit recognizes that

> [t]he basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Pruzinsky v. Gianetti*, 282 F.3d 434, 440 (6th Cir.), *cert. denied*, 537 U.S. 885 (2002) (citation omitted). A court does not abuse its discretion when it makes the record "speak the truth" rather than "something other than what was originally pronounced." *Id.* (citation omitted).

## III. Analysis

Case No. 5:05-CV-883
Gwin, J.

Here, Defendants do not attempt to assert new substantive claims or defenses, but only to correct the record to include Mutchler's deposition. The Court rejects Plaintiff's contention that, with their instant motion, Defendants seek to vacate any Order of the Court. Instead, Defendants simply ask the Court to correct a "blunder in execution" by now placing Mutchler's deposition on the trial record. Therefore, the Court undertakes nothing more than the ministerial task of correcting the trial record to reflect Defendants' original intention to include the deposition as an attachment to their original summary judgment motion.

The Court is satisfied that Defendants intended to file Mutchler's deposition at the time they submitted their motion for summary judgment. Defendants' pleadings liberally cite to the deposition. Attorney McQueen swears that she believed that the deposition accompanied the Defendants' motion for summary judgment. Defendants currently assert that the error was mechanical and the result of oversight or omission. Thus, in exercising its power to include the deposition on the record, the Court confines itself to the correction of a legitimate clerical mistake where Defendants have made a clear showing of that mistake.

### IV.  Conclusion

For these reasons, the Court **GRANTS** Defendants' motion.

IT IS SO ORDERED.

Dated: October 2, 2006                                   s/    *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE